IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD STRAUSSER,

                           Plaintiff,

        v.                                                    OPINION and ORDER

WARDFEN GARCEAU, DEPUTY WARDEN GLASS,                         25-cv-91-jdp
DR. SUKOWATY, ADA BARANOWSKI, HSM
ACKER, DR. SCHMIDT, DR. PRICE, ICE LEISER,
CPS HYLER, and CO EBBOTT,

                           Defendants.

---

Plaintiff Todd Strausser, proceeding without counsel, alleges that defendants, all staff at Columbia Correctional Institution, denied him medical care and failed to provide accommodations for his numerous physical and mental health problems. Strausser brings several claims under federal law.

Strausser proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Strausser's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because it fails to state any claim for which I could grant relief, but I will allow Strausser to amend the complaint to fix the problems identified in this order.

ALLEGATIONS OF FACT

Strausser, who suffers from numerous medical and mental health conditions, was transferred to Columbia Correctional Institution in late April 2024. Strausser has yet to receive mobility aids and other accommodations that he's requested. The ADA coordinator, defendant Baranowski, denied at least some of these requests.

Strausser has notified several providers about his health problems, but his treatment has been delayed. The health services unit manager, defendant Acker, has downplayed Strausser's complaints. Defendants Dr. Schmidt, Dr. Drake, and Dr. Price made "elementary recommendations" regarding care despite Strausser's "repeated cries" for help. *Id.* ¶ 16.

Strausser told defendant Hyler about his mobility issues and need for a low-tier housing assignment. Hyler denied the request, accusing Strausser of exaggerating his symptoms. Strausser notified defendants Warden Garceau and Deputy Warden Glass of his concerns, but they failed to intervene.

Strausser complained to defendant Dr. Sukowaty, who said that his treatment plan was appropriate.

Defendant Ebbott "verbally accosted" Strausser and later sexually harassed him. *Id.* ¶ 24.

The institution complaint examiner, defendant Leiser, rejected some of Strausser's inmate complaints for procedural deficiencies.

ANALYSIS

I take Strausser to bring: (1) medical care claims under the Eighth and Fourteenth Amendments; (2) a reasonable accommodation claim under the Americans with Disabilities

2

Act (ADA); (3) a retaliation claim under the First Amendment; (4) an equal protection claim under the Fourteenth Amendment; (5) a claim under the Eighth Amendment for verbal and sexual harassment; and (6) a due process claim based on the processing of his inmate complaints. I will not allow Strausser to proceed on a Fourteenth Amendment medical care claim because the Eighth Amendment governs medical care claims brought by convicted prisoners. *Palmer v. Marion Cty.*, 327 F.3d 588, 593 (7th Cir. 2003). Strausser's claims have both general and specific pleading problems.

## A. General pleading problems

Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Strausser's allegations are mostly a summary of various denials of medical care and other deprivations that occurred over several months, and he fails to attribute many of these summarized allegations to specific defendants. It's unclear when these events occurred, what conduct they involved, and which defendants, if any, participated in them. To state a claim, Strausser would have to provide more detail about the acts or omissions that violated his rights,

and he would identify which defendant or defendants carried out those acts or omissions. Strausser would also have to provide approximate dates, or reasonable date ranges, for these events. I will not allow Strausser to proceed on any of his claims because his allegations fail to provide defendants with fair notice of the events on which he bases them.

## B. Specific pleading problems

### 1. Medical care claim

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a medical care claim, Strausser must show that he had an objectively serious medical condition that defendants consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). I will assume to screen the complaint that Strausser's alleged medical and mental health conditions are serious medical needs.

The issue is whether Strausser has plausibly alleged that defendants disregarded those needs. Conscious disregard requires that defendants are subjectively aware of that need. *See id*. That means that defendants know of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they actually draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Eighth Amendment entitles prisoners to "adequate medical care," that is, "reasonable measures to meet a substantial risk of serious harm." *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Ignoring a prisoner's request for medical assistance outright can be enough to show conscious disregard of a medical need. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc). If a medical professional has provided some care for a prisoner's condition, he consciously disregards the serious medical need only if his care is

so inadequate that it demonstrates an absence of medical judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998).

I will not allow Strausser to proceed on this claim against Acker. Standing alone, Strausser's allegation that Acker downplayed his complaints doesn't plausibly suggest that she ignored him or failed to use her medical judgment in providing that care.

I will not allow Strausser to proceed on this claim against Schmidt, Drake, and Price. Strausser's allegation that they made "elementary recommendations" despite his "repeated cries" for help, by itself, does not plausibly suggest that their care was so perfunctory that it showed conscious disregard.

I will not allow Strausser to proceed on this claim against Sukowaty, who said that his treatment plan was appropriate. This bare allegation doesn't plausibly suggest that Sukowaty failed to use her medical judgment in coming to that conclusion.

I will not allow Strausser to proceed on this claim against Garceau or Glass based on their failure to intervene in response to his concerns. Strausser hasn't stated a plausible medical care claim, so there's no basis to infer that Garceau or Glass thought that the failure to intervene risked substantial harm to his health.

## 2. ADA and Rehabilitation Act claims

Strausser brings an ADA reasonable accommodation claim against Baranowski for denying at least some of his requests for accommodations, and against Hyler for denying a low tier housing assignment. I don't take Strausser to bring this claim against any other defendant because the ADA is an antidiscrimination statute and prison officials doesn't violate

it simply by "failing to attend to the medical needs of disabled prisoners." *See Resel v. Fox*, 26 F. App'x 572, 577 (7th Cir. 2001).

I interpret Strausser's ADA claim as a Rehabilitation Act claim because the analysis and relief available under these statutes are the same except that damages are available against the Department of Corrections under the Rehabilitation Act. *See Barrett v. Wallace*, 570 F. App'x 598, 600 n.1 (7th Cir. 2014); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Damages are not available against individual defendants under either statute. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015). I will not allow Strausser to proceed against the DOC on a claim for damages because he didn't name it as a defendant in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

That leaves the reasonable accommodation claim for prospective injunctive relief against Baranowski and Hyler. To state a claim, Strausser must allege that: (1) he was a qualified individual with a disability; (2) defendants knew of his disability; and (3) defendants failed to reasonably accommodate his disability. *See Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). I will assume for purposes of screening the complaint that Strausser has met the first two elements. The issue is whether he has plausibly alleged that defendants failed to provide a reasonable accommodation.

He has not. Strausser hasn't described the accommodations that he requested from Baranowski or explained how his disabilities limited his ability to perform major life functions. I cannot plausibly infer that Baranowski failed to reasonably accommodate Strausser's disabilities. Strausser identifies the accommodation he sought from Hyler, but he hasn't described how his disabilities affect him or explained why the low tier assignment was necessary

to accommodate them. I will not allow Strausser to proceed against Baranowski or Hyler on a reasonable accommodation claim.

### 3. Retaliation claim

To state a retaliation claim, Strausser must plausibly allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). The third element, causation, is dispositive.

Strausser alleges that he was transferred to CCI "arguably" because he complained about his health problems. *See* Dkt. 1 ¶¶ 9, 13. Even if a defendant played a role in the transfer (which is doubtful), his complaints could not have caused it because defendants became aware of them after the transfer. I will not allow Strausser to proceed on a retaliation claim.

### 4. Equal protection claim

Strausser fails to allege that he was mistreated based on membership in a protected class like race, *see Donaldson v. City of Chicago*, 784 F. App'x 957, 960 (7th Cir. 2019), so I will analyze his equal protection claim under a "class of one" theory. The basic rule is that a plaintiff may bring a class-of-one equal protection claim if his allegations plausibly suggest that he was intentionally treated differently from others similarly situated for no rational reason. *See Williams v. Schultz*, No. 22-cv-2-jdp, 2022 WL 3138903, at *2 (W.D. Wis. Aug. 5, 2022).

Strausser hasn't alleged any facts suggesting that he was singled out for mistreatment. Strausser's class-of-one claim amounts to a legal conclusion. *See* Dkt. 1 ¶ 31. I will not allow Strausser to proceed on a class-of-one claim.

### 5.  Harassment

Strausser's harassment claim has two problems. First, he has failed to state plausible claim. Second, he improperly joined this claim with his others.

I begin with the legal standards for verbal and sexual harassment. Most verbal harassment by prison guards does not violate the Eighth Amendment. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). But extreme verbal harassment that "increases the risk of physical harm or targets an inmate with known psychological vulnerabilities" may violate the Eighth Amendment. *See Terrell v. Benzel*, No. 22-cv-64-jdp, 2022 WL 1641145, at \*2 (W.D. Wis. May 24, 2022). Regarding sexual harassment, a prison official violates the Eighth Amendment if, against a prisoner's will, the official touches the prisoner's private parts with the intent to humiliate him or to gratify the official's sexual desires. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

Strausser alleges that Ebbott verbally and sexually harassed him, but he doesn't explain how Ebbott committed this conduct. I cannot plausibly infer based on the limited allegations that Ebbott's conduct was sufficiently abusive or extreme to violate the Eighth Amendment.

Regarding joinder, a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Strausser's harassment claim arises from conduct that is unrelated to the denials of medical care and accommodations on which he bases his other claims.

I will not allow Strausser to proceed on his harassment claim because it fails to state a plausible claim for relief and is improperly joined.

### 6. **Due process claim**

The basic rule is that the "failure to follow a state's inmate grievance procedures is not a federal due-process violation." *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Prison officials who process grievances typically lack personal involvement in the conduct underlying the grievance, though processing a grievance may establish liability when the grievance notifies a prison official of a constitutional violation that the official could remedy. *See id.*; *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015).

Strausser's allegation that Leiser rejected some of his inmate complaints for procedural reasons alone doesn't plausibly suggest that she systematically ignored his complaints even though she knew about civil rights violations that she had the power to remedy. I will not allow Strausser to proceed on this claim against Leiser.

### 7. **Requests for injunctive relief**

Strausser seeks preliminary and permanent injunctive relief based on the alleged denials of medical care and accommodations. I will not allow Strausser to proceed on these requests because I have dismissed his claims. *See Tully v. Okeson*, 977 F.3d 608, 612–13 (7th Cir. 2020) (movant must show a reasonable likelihood of success on the merits to obtain a preliminary injunction); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (movant must show a relationship between the relief sought in the motion and his claims).

### 8. **Declaratory relief**

I will not allow Strausser to proceed on his boilerplate request for declaratory relief because "[d]eclaratory judgments are not meant simply to proclaim that one party is liable to another." *See Johnson v. McCuskey*, 72 F. App'x 475, 477–78 (7th Cir. 2003).

CONCLUSION

I will allow Strausser to file an amended complaint that fixes the above pleading problems. In drafting his amended complaint, Strausser should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his constitutional rights. Strausser must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Strausser should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Strausser believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Todd Strausser's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until June 5, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered May 6, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

11